

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-2-2009

# Shmuel David v. J. Grondolsky

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1371

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Shmuel David v. J. Grondolsky" (2009). *2009 Decisions.* Paper 2081.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2081

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1371
_____

SHMUEL DAVID,
                              Appellant

v.

J. GRONDOLSKY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-05344)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2008
Before: BARRY, SMITH and GARTH,  Circuit Judges

(Opinion filed: January 2, 2009)
_____

OPINION
_____

PER CURIAM

Shmuel David appeals from the order of the United States District Court for the

District of New Jersey dismissing his habeas petition filed under 28 U.S.C. § 2241.  We

will affirm.

The District Court set forth a detailed background account, so we will summarize

the relevant events. After a nine-week trial in the United States District Court for the District of Massachusetts, David was convicted of twenty-two counts relating to drug dealing, including charges that he engaged in a continuing criminal enterprise (21 U.S.C. § 848); participated in two conspiracies (21 U.S.C. § 846); possessed cocaine with intent to distribute on several occasions (21 U.S.C. § 841(a)(1)); and facilitated numerous drug transactions by using the telephone (21 U.S.C. § 843(b)). The sentencing court applied the January 1988 edition of the federal sentencing guidelines and sentenced David to a prison term of thirty years in the aggregate. The Court of Appeals for the First Circuit vacated the conspiracy convictions but in all other respects affirmed the convictions and corresponding sentences. David then filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, which was denied. The First Circuit affirmed, noting that David's sentencing arguments were "procedurally defective and substantively infirm." David v. United States, 134 F.3d 470, 478 (1st Cir. 1998).

Almost ten years later, David filed a section 2241 habeas petition in the District Court.[1] In his habeas petition, he challenged the application of a weapons enhancement to his sentence. Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), David argued that the sentencing court was not authorized to impose the weapons enhancement because he was actually innocent of

_____

[1] David was, and is currently, an inmate of the Federal Correctional Institution at Fort Dix, New Jersey.

2

holding a gun to a drug courier's head. He contended that he was entitled to have his claim heard under section 2241 in light of the statutory bar against filing second or successive section 2255 motions. By opinion and order entered December 17, 2007, the District Court dismissed the section 2241 habeas petition, concluding that David had failed to demonstrate that section 2255 is inadequate or ineffective such that he should be allowed to proceed under section 2241. David appeals. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary.

A section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 249-51. A section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening

3

change in law.  See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

We agree with the District Court that David's situation is not the rare one rendering section 2255 inadequate or ineffective.  Indeed, we have held that section 2255 is not inadequate or ineffective for a federal prisoner seeking to raise an Apprendi claim in a section 2241 proceeding.  Okereke, 307 F.3d at 120-21.  As in Apprendi, the Supreme Court's holding in Booker did not change the substantive law as to the elements of the offenses for which David was convicted.  David argues his case is a rarity in that he preserved his constitutional challenge to the federal sentencing guidelines throughout his proceedings, and the District Court erred in refusing to consider his petition.  We disagree.  Simply put, David's conviction became final long before Apprendi and Booker, and those decisions do not apply retroactively to cases in that procedural posture.  See Lloyd v. United States, 407 F.3d 608, 613-15 (3d Cir. 2005) (holding that Booker is not retroactively applicable to cases on collateral review); United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003) (holding that Apprendi is not retroactively applicable to cases on collateral review).

Finally, David's assertion of actual innocence does not alter our conclusion that the District Court properly denied consideration of his claims under section 2241.  In brief summary of the claim, David disputes the application of a firearms sentence enhancement that was based on an incident during which a drug courier in the operation had a gun put to his head.  He states that the First Circuit, in deciding his appeal in the

4

section 2255 proceedings, inadvertently assumed that he personally held the drug courier at gunpoint. Appellant's Br. at 7 (citing David v. United States, 134 F.3d at 475). However, he maintains that he is actually innocent of this conduct, stating that although strong-arm men went to scare the courier, he was not there, and holding the courier at gunpoint was not at his direction. Moreover, David argues that there was no trial evidence of any weapons, pointing out that the drug courier testified that he was blindfolded during the incident and did not see a gun. David refers to the presentence report and addendum thereto in support of his argument. As noted by the District Court, this is not new evidence of actual innocence of the weapons enhancement. See House v. Bell, 547 U.S. 518, 537 (2006) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)).[2] In essence, David is attempting to use section 2241 as a way to appeal or relitigate issues presented in his unsuccessful section 2255 proceedings. David's actual innocence argument is unavailing in this proceeding.

We will affirm the District Court's judgment.

---

[2] David argues that we should reverse the District Court's judgment because it was based on an incorrect factual premise. Specifically, David states that the District Court incorrectly stated that he was convicted of possessing a firearm during the drug trafficking offense and that he did not dispute possession of a firearm. Appellant's Br. at 6 (citing District Ct. Op. at 14-15.) Be that as it may, our analysis and conclusion regarding David's actual innocence remains unchanged.